UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ZABRINA BOONE and CHRISTOPHER CLARKE, on
behalf of themselves, individually, and on behalf of all
others similarly-situated,

                         Plaintiffs,

        -against-

ALPHA CORPORATE TRANSPORTATION AND TAXI
SERVICE INC. d/b/a ALPHA TAXI, and EDWARD
SAMRALDI, individually,

                       Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 19-cv-02808

**Jury Trial Demanded**

      ZABRINA BOONE ("Boone") and CHRISTOPHER CLARKE ("Clarke"), (together, where appropriate, as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against ALPHA CORPORATE TRANSPORTATION AND TAXI SERVICE INC. d/b/a ALPHA TAXI ("Alpha"), and EDWARD SAMRALDI ("Samraldi"), individually, (together, where appropriate, as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.    This is a civil action for damages and equitable relief based upon Defendants' collective violations of Plaintiff Boone's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit.

1

12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL § 652, NYCRR tit. 12, § 142-2.1; (iv) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the anti-sex discrimination provisions of the New York State Human Rights Law ("NYSHRL"), Executive Law Section 296(1)(a); (vi) the anti-aiding and abetting provisions of the NYSHRL, Executive Law Section 296(6); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff Clarke, for his part, brings claims for damages and equitable relief against Defendants for their violations of his rights guaranteed to him by: (i) the overtime provisions of the FLSA, 29 U.S.C. § 207(a); (ii) the overtime provisions of the NYLL, NYLL § 160; NYCRR tit. 12, § 142-2.2; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iv) the minimum wage provisions of the NYLL, NYLL § 652, NYCRR tit. 12, § 142-2.1; (v) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vi) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day in which the spread of hours exceeds ten, NYLL § 652(1), 12 NYCRR § 142-2.4; (vii) the anti-retaliation provisions of the NYSHRL, Executive Law Section 296(7); and (viii) any other claim(s) that can be inferred from the facts set forth herein

3.      Plaintiff Boone worked for Defendants - - a Dutchess County taxi company and its President - - as an assistant dispatcher from on or around January 26, 2013 until December 18, 2017, while Plaintiff Clarke worked for Defendants first as a taxicab driver in 2012 and early-January 2013, and then as a dispatcher from on or around January 21, 2013 until February 11, 2018.  As described below, from at least March 2013 and continuing until in or around December

2017, Defendants intentionally failed to pay Plaintiffs overtime wages for their hours worked in a week over forty in violation of the FLSA and the NYLL.  Specifically, despite Plaintiffs working in excess of forty hours per week, Defendants paid Plaintiffs at their regular rates of pay for all hours worked, including those hours worked in excess of forty.  Furthermore, from at least March 2013 to April 13, 2014 and then again from December 31, 2014 to December 18, 2017 with respect to Plaintiff Boone, and from at least March 2013 until the end of his employment with respect to Plaintiff Clarke, Defendants failed to compensate Plaintiffs at least at the statutorily-required minimum wage rate for all hours that they worked each week under the NYLL.  Additionally, also in violation of the NYLL, Defendants failed to provide Plaintiffs with any wage statements on each payday, let alone accurate ones, throughout their respective employments.

4.    Furthermore, from at least March 2016 to in or around October 2016, Defendants failed to pay Plaintiff Clarke at least at the statutorily-required minimum wage rate for all hours that he worked each week under the FLSA, and also failed to pay Plaintiff Clarke one hour's pay at the minimum wage rate for each day when his shift exceeded ten hours from start to finish under the NYLL and the NYCRR.

5.    Defendants treated all of their hourly employees in a similar manner.

6.    Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiffs bring their NYLL and NYCRR claims on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts-in to this action.

7.      Furthermore, throughout 2016 and 2017, Defendant Alpha, through the actions of dispatcher and later its General Manager, Kenneth Faust ("Faust"), sexually harassed Plaintiff Boone several times per month in that Faust made sexually-suggestive comments towards her, in violation of the NYSHRL.  Plaintiff Boone complained repeatedly to Defendant Samraldi about Faust's behavior, but it failed to cease.  After Plaintiff Clarke, who is Boone's significant other, complained to Samraldi about Faust sexually harassing Boone, Samraldi retaliated against Clarke, also in violation of the NYSHRL, by eliminating one day per week from his schedule beginning in January 2018, until he was effectively terminated on February 11, 2018.  Plaintiffs bring their claims under the NYSHRL on behalf of themselves only.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.     At all relevant times herein, Plaintiffs worked for Defendants in New York and were "employees" entitled to protection as defined by the FLSA, the NYLL, the NYCRR, and the NYSHRL.

11.     At all relevant times herein, Defendant Alpha was and is a New York corporation with its principal place of business located at 8 Woodland Circle, Hyde Park, New York 12538.

4

12.     At all relevant times herein, Defendant Samraldi was and is the President of Defendant Alpha.  In this role, Samraldi was responsible for overseeing all of the day-to-day operations of Alpha, including managing all of Alpha's employees, and including all matters with respect to determining employees' rates and methods of pay and hours worked, distributing work duties, and the hiring and firing of employees, including Plaintiffs.  In fact, Samraldi hired Plaintiffs, fired Plaintiffs, directly supervised Plaintiffs until he promoted Faust to General Manager in November 2017, and set Plaintiffs' rates of pay.

13.     Defendants were and are "employers" within the meaning of the FLSA, the NYLL, the NYCRR, and the NYSHRL.  First, Defendant Alpha employs four or more employees, while Samraldi owned and operated Alpha as its President, and both are thus "employers" within the meaning of the NYSHRL.  Furthermore, many of Defendants' hourly employees, including Plaintiffs and all FLSA Plaintiffs as defined below, while based in New York, interacted over the phone and with Defendants' customers from out-of-state as part of their daily duties, which subjects Defendants to the FLSA's overtime and minimum wage requirements with respect to any such employee engaged in interstate commerce.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation, unpaid minimum wages, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, interacted over the phone with customers from out-of-state as part of their duties, or were otherwise engaged in interstate commerce, and who were paid on an hourly basis and who consent to file a claim to recover unpaid overtime,

minimum wages, and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15.    Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per workweek in excess of forty.

16.    At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each week over forty and at least at the statutorily-required minimum rate of pay for all hours worked, yet they purposefully and willfully chose and choose not to do so.

17.    Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime and minimum wage compensation for all hours worked per workweek above forty and/or at least at the statutorily-required minimum rate of pay for all hours worked, in violation of the FLSA.

## BACKGROUND FACTS

18.    Defendant Alpha provides taxi and limousine services to customers in New York, New Jersey, and Connecticut.

19.    Defendant Samraldi owns and operates the business on a daily basis.

20.     Faust began assisting Defendant Samraldi in running the business beginning in November 2017 when he became its General Manager, in which role he directly supervised all of Alpha's employees, including Plaintiffs.

*a.*     ***Plaintiff Boone's Wage Claims***

21.     On or around January 26, 2013, Defendant Samraldi, on behalf of Defendant Alpha, hired Plaintiff Boone to work as an assistant dispatcher.

22.     As an assistant dispatcher, Plaintiff Boone's main duties consisted of answering telephone calls from customers and assisting dispatchers sending taxis to customers.

23.     From at least March 2013 and continuing until the end of her employment on December 18, 2017, Defendants required Plaintiff Boone to work, and Plaintiff Boone did generally work, six days per week, Monday to Friday from anytime between 5:00 a.m. and 6:00 a.m. to 1:00 p.m., and Saturdays from 7:00 a.m. to 3:00 p.m., without an uninterrupted break, for a total of forty-two to forty-eight hours per week.

24.     From at least March 2013 until on or around April 13, 2014, Defendants paid Plaintiff Boone $5.00 per hour in cash for all hours worked, including those hours that she worked in excess of forty in a week.  From on or around April 14, 2014 until December 18, 2017, Defendants paid Plaintiff Boone $8.00 per hour in cash for all hours worked, including those hours that she worked in excess of forty in a week.

25.     At no time during her employment did Defendants provide Plaintiff Boone with an overtime premium for her hours worked in a week in excess of forty.

26.     Additionally, from at least March 2013 to on or around April 13, 2014, and again from December 31, 2014 to December 18, 2017, Defendants failed to pay Plaintiff Boone at least at the then-applicable minimum wage rates under the NYLL.

27.     By way of example only, during the week of March 17 to March 23, 2014, Defendants required Plaintiff Boone to work, and Plaintiff Boone did work, six days, Monday to Friday from 5:00 a.m. until 1:00 p.m., and Saturday from 7:00 a.m. to 3:00 p.m., for a total of forty-eight hours of work for that week.  Defendants paid Plaintiff Boone $5.00 for all hours worked that week, including for the eight hours that Plaintiff Boone worked in excess of forty.

28.     By way of another example only, during the week of June 9 through June 15, 2014, Defendants required Plaintiff Boone to work, and Plaintiff Boone did work, six days, Monday to Friday from 5:00 a.m. until 1:00 p.m., and Saturday from 7:00 a.m. until 3:00 p.m., for a total of forty-eight hours of work that week.  Defendants paid Plaintiff Boone $8.00 for all hours worked that week, including for the eight hours that Plaintiff Boone worked in excess of forty.

29.     Throughout her employment, Defendants paid Plaintiff Boone on a weekly basis in cash.

30.     On each occasion when Defendants paid Plaintiff Boone, they failed to provide Plaintiff Boone with any wage statement, let alone one that accurately listed, *inter alia*, Plaintiff Boone's actual hours worked for that workweek or her regular or overtime rates of pay for all hours worked.

**b.     Plaintiff Clarke's Wage Claims**

31.     In 2012, Defendant Samraldi, on behalf of Defendant Alpha, hired Plaintiff Clarke to work for Defendants as a taxi driver.  Then, on or around January 21, 2013, Defendant Samraldi assigned Clarke to work as a dispatcher.

32.     As a dispatcher, Plaintiff Clarke's main duties consisted of speaking with customers requesting rides, dispatching taxis to customers via radio, and coordinating with taxi drivers on drop-offs and pickups.

33.     From at least March 2013 until on or around June 30, 2014, Defendants required Plaintiff Clarke to work, and Plaintiff Clarke did generally work, three to four days per week, from 6:00 p.m. to 6:00 a.m. the following morning, without an uninterrupted break, for a total of thirty-six to forty-eight hours per week.

34.     From on or around July 1, 2014 to on or around December 31, 2017, Defendants required Plaintiff Clarke to work, and Plaintiff Clarke did generally work, five to six days per week, from 6:00 p.m. to 6:00 a.m. the following morning, without an uninterrupted break, for a total of sixty to seventy-two hours per week.

35.     From on or around January 1, 2018 to February 11, 2018, Defendants required Plaintiff Clarke to work, and Plaintiff Clarke did generally work, between twelve and forty-eight hours per week.

36.     From at least March 2013 until on or around June 30, 2014, Defendants paid Plaintiff Clarke $6.00 per hour for all hours worked, including those hours that he worked in excess of forty in a week.  From on or around July 1, 2014 until in or around October 2016, Defendants paid Clarke $7.00 per hour for all hours worked, including those hours that he worked in excess of forty in a week.   From in or around November 2016 until February 11, 2018, Defendants paid Clarke $8.00 per hour for all hours worked, including those hours that he worked in excess of forty in a week.

37.     At no time during his employment did Defendants provide Plaintiff Clarke with an overtime premium for his hours worked in a week in excess of forty.

38.     Additionally, throughout his employment, Defendants failed to pay Plaintiff Clarke at least at the then-applicable minimum wage rates under the NYLL, and from at least March 2016

to in or around October 2016, also failed to pay Plaintiff Clarke at least at the minimum wage rate prescribed by the FLSA.

39.    By way of example only, during the week of March 17 to March 23, 2014, Defendants required Plaintiff Clarke to work, and Plaintiff Clarke did work, four days, Monday to Thursday from 6:00 p.m. until 6:00 a.m., for a total of forty-eight hours of work for that week. Defendants paid Plaintiff Clarke $6.00 for all hours worked that week, including for the eight hours that Plaintiff Clarke worked in excess of forty.

40.    By way of another example only, during the week of July 21 through July 27, 2014, Defendants required Plaintiff Clarke to work, and Plaintiff Clarke did work, six days, Monday to Saturday from 6:00 p.m. until 6:00 a.m., for a total of seventy-two hours of work that week. Defendants paid Plaintiff Clarke $7.00 for all hours worked that week, including for the thirty-two hours that Plaintiff Clarke worked in excess of forty.

41.    Throughout his employment, Defendants paid Plaintiff Clarke on a weekly basis in cash.

42.    On each occasion when Defendants paid Plaintiff Clarke, they failed to provide Plaintiff Clarke with any wage statement, let alone one that accurately listed, *inter alia*, Plaintiff Clarke's actual hours worked for that workweek or his regular or overtime rates of pay for all hours worked.

43.     Defendants also failed to pay Plaintiff Clarke spread-of-hours compensation of one additional hour's pay at the minimum wage rate on those days when his spread of hours exceeded ten during a given day from beginning to end, which occurred when Plaintiff Clarke worked shifts from 6:00 p.m. until 6:00 a.m. throughout his employment, including during the weeks of March 17 and July 21, 2014 as described above.

44.     Defendants treated Plaintiffs and all FLSA Plaintiffs in the same manner described herein.

45.     Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

46.     Each hour that Plaintiffs and FLSA Plaintiffs worked was for Defendants' benefit.

c.     **Plaintiff Boone's Sexual Harassment Claims**

47.     Faust, first when he worked as Plaintiff Boone's co-worker, and later during the time that he served as her direct supervisor when he was General Manager of Alpha, sexually harassed Plaintiff Boone.

48.     Specifically, on a near-daily basis throughout 2016 and 2017, Faust made sexually demeaning comments to Plaintiff Boone such as: "If I wasn't married, the things I would do to you"; "I love that low-cut shirt on you"; "you're sexy"; "I love your body"; and "your lotion smells nice, maybe I should just wear it."

49.     Plaintiff Boone rebuffed each of these comments and complained to Defendant Samraldi on a near-daily basis about Faust's behavior.

50.     In response, Defendant Samraldi repeatedly told Plaintiff Boone: "that's just [Faust], I'll talk to him."

51.     However, not only did the harassment not stop, but again, Defendant Samraldi promoted  Faust to General Manager in November 2017, which made him Plaintiff Boone's direct supervisor.

52.     Upon being promoted to General Manager, Faust attempted to use his newfound authority over Plaintiff Boone by stating, in an agitated, threatening manner that she had to: "do

exactly what [he] want[ed] [her] to do," clearly implying that she needed to accede to his sexual demands now that he was her direct supervisor.

53.    In response, Plaintiff Boone again told Faust to leave her alone and that she was happy with her longtime significant other, Plaintiff Clarke.

54.    Faust continued to sexually harass Plaintiff Boone until as late as December 16, 2017, when he commented to her: "Damn, [your] jeans are nice and tight, just the way I like them."

**d.    *Plaintiff Clarke's Retaliation Claims***

55.    Throughout the month of December 2017, on a near-daily basis, Plaintiff Clarke also complained to Defendant Samraldi about Faust sexually harassing Plaintiff Boone in the manner described above.

56.    Specifically, Plaintiff Clarke told Defendant Samraldi that "there needs to be changes made here, and [Faust's] harassment of [Plaintiff Boone] needs to stop."  In response, Defendant Samraldi promised to "take care of it," but he never did.

57.    Instead, in a clear-as-day act of retaliation for Plaintiff Clarke's complaints, beginning in January 2018, Defendant Samraldi cut Plaintiff Clarke's hours by eliminating one day per week from his schedule, week by week, until he eventually simply removed Plaintiff Clarke from the schedule completely, thereby terminating his employment effective February 11, 2018.  Defendant Samraldi did not terminate or cut the hours of any other dispatchers during this time period.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

58.    Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

60.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

61.    As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

62.    Defendants willfully violated the FLSA.

63.    Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half the minimum wage rate, if greater.

64.    Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

65.    Plaintiffs, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.    NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

67. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

68. As also described above, Plaintiffs, and any FLSA Plaintiff that opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

69. Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

70. Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages under the FLSA*

71. Plaintiff Clarke and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

73. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff Clarke and FLSA Plaintiffs are employees within the meaning of the FLSA.

74. As also described above, Defendants failed to compensate Plaintiff Clarke and FLSA Plaintiffs at least at the minimum hourly rate required by the FLSA for all hours worked.

75. Defendants willfully violated the FLSA.

14

76.     At the least, Plaintiff Clarke and FLSA Plaintiffs are entitled to pay at the minimum wage rate required by the FLSA for all hours worked.

77.     Plaintiff Clarke and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

78.     Plaintiffs, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79.     NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

80.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

81.     As also described above, Defendants failed to compensate Plaintiffs, and any FLSA Plaintiff that opts-in to this action, at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

82.     At the least, Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are entitled to pay at the minimum wage rate required by the NYLL and the NYCRR for all hours worked.

83.     Plaintiffs, and any FLSA Plaintiff that opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

84.     Plaintiffs, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

86.     As described above, Defendants, on each payday, failed to furnish Plaintiffs, and any FLSA Plaintiff that opts-in to this action, with any wage statements, let alone wage statements that accurately contained all of the criteria required under the NYLL.

87.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, and any FLSA Plaintiff that opts-in to this action, in the amount of $100 per person for each workweek after the violation occurred, up to a statutory cap of $2,500.

88.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, and any FLSA Plaintiff that opts-in to this action, in the amount of $250 per person for each workday after the violation occurred, up to a statutory cap of $5,000.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

89.     Plaintiff Clarke, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16

90.     NYLL § 652 and 12 NYCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

91.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff Clarke, and any FLSA Plaintiff that opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

92.     As also described above, Defendants failed to provide Plaintiff Clarke, and any FLSA Plaintiff that opts-in to this action, with spread of hours pay on each day when their spread of hours exceeded ten.

93.     Plaintiff Clarke, and any FLSA Plaintiff that opts-in to this action, are entitled to recover one hour's pay, at the minimum wage rate, for all days during which their spread of hours worked exceeded ten.

94.     Plaintiff Clarke, and any FLSA Plaintiff that opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Hostile Work Environment Sexual Harassment in Violation of the NYSHRL*

95.     Plaintiff Boone repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

96.     The NYSHRL forbids an employer from discriminating against an employee on account of that employee's sex.

97.     As described above, Defendants are employers within the meaning of the NYSHRL, while Plaintiff Boone is an employee within the meaning of the NYSHRL.

98.     As also described above, Defendants discriminated against Plaintiff Boone on the basis of her sex in violation of the NYSHRL by sexually harassing her or subjecting her to sexual harassment in a manner that was severe or pervasive on a near-daily basis throughout the last two years of her employment, thereby denying Plaintiff Boone the opportunity to work in an employment setting free of unlawful discrimination.

99.     As a direct and proximate result of Defendants' violations of the NYSHRL, Plaintiff Boone has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT SAMRALDI
#### *Aiding and Abetting Discrimination in Violation of the NYSHRL*

100.    Plaintiff Boone repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101.    The NYSHRL prohibits any person from aiding and abetting the commission of any act forbidden by the NYSHRL.

102.    As described above, Defendant Samraldi knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, and harassment against Plaintiff Boone stated herein, in violation of the NYSHRL.

103.    As a direct and proximate result of Defendant Samraldi's violations of the NYSHRL, Plaintiff Boone has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation in Violation of the NYSHRL*

104.    Plaintiff Clarke repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

105.    The NYSHRL prevents any person from retaliating against an employee who engages in protected activity under that statute.

106.    As described above, after Plaintiff Clarke engaged in protected activity under the NYSHRL, Defendants retaliated by cutting days from Plaintiff Clarke's schedule, one-by-one, until they effectively terminated his employment.

107.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff Clarke has suffered, and continues to suffer, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

108.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff Clarke has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## DEMAND FOR A JURY TRIAL

109.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and FLSA Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiffs and FLSA Plaintiffs for participating in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      All damages that Plaintiffs and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.      Granting Plaintiffs all damages that they have sustained as a result of the Defendants' discriminatory and retaliatory conduct in violation of the NYSHRL, including general and special damages for past and future lost compensation and benefits that Plaintiff Clarke would have received but for Defendants' conduct, including but not limited to back pay and front pay, whether legal or equitable in nature;

g. An award of damages to be determined at trial to compensate Plaintiffs for emotional distress and/or mental anguish in connection with their NYSHRL claims;

h. An award of damages to be determined at trial to compensate Plaintiffs for harm to their professional and personal reputations and loss of career fulfillment in connection with their NYSHRL claims;

i. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

j. Awarding Plaintiffs and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

k. Designation of Plaintiffs and their counsel as collective action representatives under the FLSA;

l. Pre-judgment and post-judgment interest, as provided by law; and

m.    Granting Plaintiffs and FLSA Plaintiffs such other and further relief as this Court

finds necessary and proper.

Dated:  March 28, 2019
        Garden City, New York

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

_____
ALEXANDER T. COLEMAN, ESQ. (AC 1717)
MICHAEL J. BORRELLI, ESQ. (MB 8533)